

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00027-CV

_____

WILLIAMS QUALITY RENTAL, LLC, Appellant

V.

CLARION PARTNERS, LLC D/B/A TEXAS CLARION PARTNERS, LLC;
TEXAS COMMERCIAL DEVELOPMENT, LLC; NORTHLAKE 35 LLC D/B/A
NL 35, LLC; NORTHLAKE 35 LOGISTICS PARK, LLC; NORTHLAKE 35
MANAGER, LLC; LIT INDUSTRIAL LIMITED PARTNERSHIP; TCD
NORTHLAKE MEMBER 1, LLC; DOUG JOHNSON; AND D. MATTHEW
GOODWIN, Appellees

On Appeal from the 431st District Court
Denton County, Texas
Trial Court No. 25-3150-431

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Williams Quality Rental, LLC attempts to appeal the trial court's interlocutory order granting the special appearance filed by Clarion Partners, LLC d/b/a Texas Clarion Partners, LLC. The trial court signed the interlocutory order on December 18, 2025, making Appellant's notice of appeal due January 7, 2026. *See* Tex. R. App. P. 26.1(b) (stating that a notice of appeal in an accelerated appeal must be filed within 20 days after the judgment or order is signed), 28.1(a) (stating that appeals from interlocutory orders are accelerated appeals); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(7) (permitting an interlocutory appeal from an order granting a special appearance). Appellant filed its notice of appeal on January 9, 2026, two days late.

On January 15, 2026, we notified Appellant of our concern that we lacked jurisdiction over this appeal because its notice of appeal was untimely. We warned Appellant that we would dismiss the appeal for want of jurisdiction unless it or any party desiring to continue the appeal filed a response by January 26, 2026, showing a reasonable explanation for the notice of appeal's late filing. *See* Tex. R. App. P. 10.5(b), 26.3(b), 42.3(a), 43.2(f). We have received no response.

The time for filing a notice of appeal is jurisdictional, and absent a timely filed notice of appeal or motion to extend the applicable deadline, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3, 28.1(b); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

2

A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond Rule 26.1's filing deadline but within Rule 26.3's 15-day period to seek the deadline's extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3, 28.1(b). But even when an extension motion is implied, an appellant must still provide a reasonable explanation for the delay in filing the notice of appeal. *See Jones*, 976 S.W.2d at 677; *Linville v. Leuty Ave. Apartments*, No. 02-18-00186-CV, 2018 WL 3763934, at *1 (Tex. App.—Fort Worth Aug. 9, 2018, no pet.) (per curiam) (mem. op.); *see also* Tex. R. App. P. 10.5(b)(1)(C), (b)(2)(A), 26.3(b).

Here, Appellant filed its notice of appeal late but within the 15-day period in which an extension is implied. Nevertheless, because Appellant did not provide any explanation—much less a reasonable one—concerning why it needed an extension, its notice of appeal was untimely. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *Linville*, 2018 WL 3763934, at *1. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 917; *Linville*, 2018 WL 3763934, at *1.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  March 12, 2026

3